CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

PATRICIA A. BURTNER, )
                                              )       Civil Action No. 5:06CV00024
      Plaintiff, )
                                              )
v. )       **MEMORANDUM OPINION**
                                              )
JO ANNE B. BARNHART, )
Commissioner of Social Security, )       By:     Honorable Glen E. Conrad
                                              )             United States District Judge
      Defendant. )

       Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. § 1381 et seq. Jurisdiction of this court is pursuant to 42 U.S.C. § 1383(c)(3), which incorporates § 205(g) of the Social Security Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues before this court are whether the Commissioner's final decision is supported by substantial evidence, and if it is not, whether plaintiff has met the burden of proof as prescribed by and pursuant to the Act. Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

       The plaintiff, Patricia A. Burtner, was born on February 13, 1952 and eventually completed her college education. Mrs. Burtner has worked as a farm owner/laborer. She last worked on a regular basis in 2002. On August 27, 2002, Mrs. Burtner filed an application for supplemental security income benefits. Plaintiff now alleges that she is disabled for all forms of substantial gainful employment due to bronchitis, chronic obstructive pulmonary disease, osteoporosis, diverticulitis, and collapsed lungs.

Mrs. Burtner's claim was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated April 5, 2005, the Law Judge also determined that Mrs. Burtner is not disabled. The Law Judge assessed plaintiff's impairments as follows:

> The medical evidence documents the presence of impairments best described as: chronic obstructive pulmonary disease; allergies; hypersensitivity pneumonitis; recurrent sinusitis and rhinitis; gastroesophageal reflux disease status post Nissen fundoplication (July 2004); a history of diverticulitis, status post sigmoid colon resection (December 2001); cardiac arrhythmia; mild tricuspid regurgitation; headaches; osteoporosis of the lumbar spine and left hip; osteopenia in the left forearm; and status post hysterectomy and bilateral salpingo-oophorectomy (1988). (TR 24-25).

Because of her impairments, the Law Judge ruled that Mrs. Burtner is disabled for her past relevant work activity. (TR 29). However, the Law Judge determined that plaintiff retains sufficient functional capacity to perform less than a full range of light exertion. The Law Judge assessed Mrs. Burtner's residual functional capacity as follows:

> No period of 12 consecutive months has elapsed during which the claimant lacked the residual functional capacity to perform light work as defined in 20 C.F.R. § 416.967 that provides the option to sit or stand at 30-minute intervals, and involves no exposure to dust, fumes or other airborne pollutants, no exposure to very hot or very cold temperatures, only occasional (up to 33% of the time) bending at the waist (stooping), occasional bending at the knees (crouching), occasional kneeling, occasional crawling, and occasional climbing stairs or ladders (20 C.F.R. § 416.967). (TR 29).

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge concluded that Mrs. Burtner retains sufficient functional capacity to perform several specific work roles which exist in significant number in the national economy. (TR 29). Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that she is not entitled to supplemental security income benefits. See, gen., 20 C.F.R. § 416.920(g). The Law Judge's opinion was adopted as the final decision

2

of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mrs. Burtner has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. The Law Judge found that Mrs. Burtner is able to perform less than a full range of light work, which permits a sit/stand option. However, the court believes that Social Security Ruling 83-12 (PPS-103) (1983), counsels against a finding of not disabled in a case in which the claimant is unskilled, or has no transferable skills, and is limited to less than a full range of light work with a sit/stand option. In any event, the court concludes that the more recent medical record establishes that Mrs. Burtner is unable to engage in anything more than sedentary exertion on a regular and sustained basis. Given plaintiff's age, education, and prior work experience, as found by the Administrative Law Judge, the court believes that Rule 201.10 of Appendix 2 to Subpart P of the Administrative Regulations Part 404 directs a determination of disabled in this case.

As summarized above, the Administrative Law Judge clearly found that Mrs. Burtner is unable to perform a full range of light exertion, and that she requires a sit/stand option. The Law Judge also found that plaintiff possesses no transferable skills. Indeed, the vocational expert in this case

3

characterized plaintiff as "unskilled." (TR 511). In pertinent part, Social Security Ruling 83-12 (PPS-103) (1983) provides as follows:

> There are some jobs in the national economy--typically professional and managerial ones--in which a person can sit or stand with a degree of choice. If an individual had such a job and is still capable of performing it, or is capable of transferring work skills to such jobs, he or she would not be found disabled. However, most jobs have ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task. Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will. In cases of unusual limitation of ability to sit or stand, a VS should be consulted to clarify the implications for the occupational base.

It is true that, at the administrative hearing, the vocational expert opined that an unskilled worker with plaintiff's age and education, and who is limited to less than a full range of light work with a sit/stand option, could be expected to perform as an assembler or inspector/grader. However, there is no indication that either the Administrative Law Judge or the vocational expert was aware of the provisions of Social Security Ruling 83-12 which indicate that there are very few jobs for unskilled workers who require a sit/stand option. In any event, as indicated above, the court believes that the Law Judge also erred in finding a residual functional capacity for anything more than a sedentary level of exertion.

Without going into great detail, and as illustrated by the Law Judge's findings as to plaintiff's physical impairments, the court notes that the medical record establishes that Mrs. Burtner has suffered from a variety of serious conditions over the last several years. Her breathing problems have proven to be quite severe and debilitating, and she has experienced significant digestive and musculoskeletal difficulties as well.

Dr. Kirsta Craig has provided regular medical care in Mrs. Burtner's case. Dr. Craig's clinical notes cover a period of several years. Dr. Craig completed a residual functional capacity questionnaire on December 31, 2004. Dr. Craig listed continuing diagnoses of chronic obstructive pulmonary disease,

4

intractable gastroesophageal reflux disease, and allergies. Dr. Craig noted that Mrs. Burtner is oxygen dependent. The physician considered plaintiff's prognosis to be poor. Dr. Craig reported that plaintiff's conditions result in extreme dyspnea, inability to eat solid food, and extreme fatigability. According to Dr. Craig, plaintiff's subjective complaints are so severe as to constantly interfere with attention and concentration. She estimated that plaintiff is unable to sit, stand, and walk for more than two hours in an eight hour work day.

Dr. Muriel Langouet-Astrie has provided treatment for plaintiff's allergies and breathing problems since at least early in 2004. Dr. Langouet-Astrie is a respiratory specialist. Dr. Langouet-Astrie completed a residual functional capacity questionnaire on January 18, 2005. The doctor listed diagnoses of severe, steroid dependent, chronic obstructive pulmonary disease; hypersensitivity pneumonitis; gastroesophageal reflux disease; allergic rhinitis; abnormal cardiac rhythm; and side effects of chronic prednisone therapy. By way of clinical findings, Dr. Langouet-Astrie listed shortness of breath, chest tightening, coughing, wheezing, reduced pulmonary function, recurrent headaches, recurrent sinus infections, nasal congestion, ocular discomfort, and allergic reaction to poultry. Dr. Langouet-Astrie indicated that plaintiff's subjective symptoms are so severe as to frequently interfere with attention and concentration. Dr. Langouet-Astrie concluded that Mrs. Burtner is unable to sit, stand, and walk for more than two hours in an eight hour work day.

In denying plaintiff's claim, the Administrative Law Judge declined to accept the assessments of Dr. Craig and Dr. Langouet-Astrie. In so doing, the Law Judge relied on an opinion rendered by a state disability agency medical examiner on October 27, 2003. In her memorandum in support of a motion for summary judgment, the Commissioner also argues that an earlier opinion of a state agency

5

physician is more probative than those of Drs. Craig and Langouet-Astrie. The court is unable to conclude that such reliance is supported by substantial evidence.

The administrative regulations provide that reports and opinions from treating physicians should be accorded greater weight than reports and opinions from medical sources who have not examined the claimant. See 20 C.F.R. § 416.927(d)(1). Furthermore, even greater weight is to be given to reports of medical sources who have treated a claimant over a period of time. See 20 C.F.R. § 416.927(d)(2).

In the instant case, it is undisputed that the state agency physicians did not have the opportunity to personally examine Mrs. Burtner. On the other hand, the medical record clearly reveals that Dr. Craig and Dr. Langouet-Astrie saw plaintiff on multiple occasions over a period of several months. As indicated under the governing administrative regulations, the treating physicians enjoy an enhanced perspective by virtue of their observation of plaintiff over a period of time. Furthermore, in the instant case, the reports of both Dr. Craig and Dr. Langouet-Astrie include clinical findings which support their opinions as to plaintiff's severe respiratory and digestive problems. Both doctors outlined the rigorous treatment that Mrs. Burtner has received, including oxygen and prednisone. Most importantly, the court notes that the opinions of the state agency physicians are, by necessity, based on the medical findings and reports of the doctors who have made clinical findings and offered opinions following first-hand assessments. In the instant case, the state agency physician reports upon which the Administrative Law Judge and Commissioner rely were completed many months before the critical reports from Dr. Craig and Dr. Langouet-Astrie. Stated differently, the state agency physicians did not have the benefit of the full medical record that has been developed in this case. In such circumstances, the court can only conclude that the Commissioner's final decision is not supported by substantial evidence.

At the most, the reports of Dr. Craig and Dr. Langouet-Astrie might be read so as to suggest residual functional capacity for a limited range of sedentary exertion. However, given the Law Judge's findings as to plaintiff's age, education, and prior work experience, the medical vocational guidelines direct a determination of disabled even assuming residual functional capacity for a full range of sedentary exertion. See Rule 201.10 of Appendix 2 to Subpart P of the Administrative Regulations Part 404. The court believes that this determination is fully consistent with the provisions of Social Security Ruling 83-12, as well as the reports from the treating physicians in this case. The court concludes that Mrs. Burtner has met the burden of proof in establishing total disability for all forms of substantial gainful employment.

For the reasons stated, the court is constrained to conclude that the Commissioner's final decision is not supported by substantial evidence. Defendant's motion for summary judgment must therefore be denied. Upon the finding that plaintiff has met the burden of proof as prescribed by and pursuant to the Act in establishing disability for all forms of substantial gainful employment, judgment will be entered in favor of the plaintiff. The Commissioner's final decision denying supplemental security income benefits will be reversed to the extent that the denial was based on the finding that plaintiff is not disabled. However, since the Commissioner has apparently not considered whether plaintiff meets the financial eligibility requirements under the SSI Benefit Program, the court must remand the case to the Commissioner for an appropriate determination. A judgment and order in conformity will be entered this day.

The Clerk is directed to send certified copies of this Opinion to all counsel of record.

ENTER: This 16th day of November, 2006.

_____
United States District Judge